UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____x

DENNIS C. VACCO and JOSEPH E. BERNSTEIN,
individually in their capacities as Litigation Trustees
of the CATSKILL LITIGATION TRUST,

               Plaintiffs,

         -against-                              07 Civ. _____

HARRAH'S OPERATING COMPANY, INC., and
CLIVE CUMMIS,

               Defendants.

_____x

## COMPLAINT TO ENFORCE JUDGMENT

       Plaintiffs, Dennis C. Vacco and Joseph E. Bernstein ("Plaintiffs"), in their

capacities as Litigation Trustees of the Catskill Litigation Trust, allege as follows:

### Parties

       1.     Plaintiffs are individuals who are the duly appointed Litigation Trustees of

the Catskill Litigation Trust (the "Trust"). Under the trust agreement, as amended, governing the

Trust, Plaintiffs have the power to hold and manage the assets of the Trust, including all of the

claims asserted in this action, and are, therefore, the real parties to this controversy for purposes

of diversity jurisdiction.

       2.     Plaintiff Dennis C. Vacco resides in and is a citizen of the State of New

York and this District.

       3.     Plaintiff Joseph E. Bernstein resides in and is a citizen of the State of

Florida.

       4.     Defendant Harrah's Operating Company, Inc. ("Harrah's") is a

corporation organized and existing under the laws of the State of Delaware and has its principal

place of business in the State of Nevada. Harrah's is a successor in interest to and liable for all

of the obligations of Park Place Entertainment Corporation, which, on or about January 6, 2004, changed its name to Caesars Entertainment, Inc. and then, on or about June 13, 2005, merged with and into Harrah's, with Harrah's as the surviving corporation.

       5.      Defendant Clive Cummis ("Cummis" and, together with Harrah's, "Defendants") is an individual who Plaintiffs are informed and believe is a citizen of the State of New Jersey, residing at 7 Oak Bend Road, Llewellyn Park, West Orange, New Jersey 07052-4959.

### Subject-Matter Jurisdiction

       6.      This Court has jurisdiction over this action under 28 U.S.C. § 1331, because it raises one or more federal questions. This is an action to enforce a money-judgment (the "Judgment") for $1,787,000,000, plus interest and costs, issued by a Native American tribal court against non-Native Americans. Recognition and enforcement of a tribal judgment against a non-Native American is founded on federal law, as it is compelled by the relationship extant between the United States and the tribes of Native Americans.

       7.      Independently of the ground pled in paragraph 6 of this Complaint, this Court has jurisdiction over this action under 28 U.S.C. § 1332, as complete diversity of citizenship exists between Plaintiffs and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### Personal Jurisdiction

       8.      This Court has jurisdiction over Defendants, based on the following facts:

       (a)      On or about June 2, 2000, each of Defendants and others filed an action, *Park Place Entertainment Corp. et al. v. Arquette, et al.*, which was Civil Action No. 00-CV-0863 (TJM-DEP) (McAvoy, C. J.) in this Court, seeking, among other relief, an injunction of the tribal court action in which the Judgment was issued. That action and related Civil Action No. 01-CV-1058 (TJM-DEP), the latter of which this action, in effect, reinstates, were on or about March 31, 2003, dismissed, without prejudice, by this Court.

       (b)      On or about March 29, 2001, Defendants each filed in the Supreme

Court of the State of New York, County of Franklin, civil action No. 2002-79, also styled *Park Place Entertainment Corp., et al. v. Arquette, et al.*, against all of the named plaintiffs in the Tribal Court Action and their lawyer, for alleged defamation and harassment in having to defend the Tribal Court Action.

(c)    Harrah's is registered with the Department of State of the State of New York to do business in this State, and the registered agent for Harrah's and the address to which process is to be mailed to Harrah's by the New York Department of State is each in Albany, New York.

(d)    On information and belief, Cummis, an attorney, works in the State of New York, and is a founding member and Chairman of the law firm Sills Cummis Epstein & Gross P.C., with an office located at One Rockefeller Plaza, New York, New York 10020.

(e)    The contracts with Harrah's that are the subject matter of the Judgment were negotiated by both Defendants; and the tortious acts committed by Defendants in connection with those contracts, which are also the subject matter of the Judgment, occurred in substantial part within the boundaries of this District.

(f)    Plaintiffs are informed and believe that Defendants, and each of them, have actively engaged in the legislative and regulatory process of the State of New York, including such activities within this District that were intended by Defendants to affect the subject matter of this action.

(g)    Plaintiffs are informed and believe that Defendants, and each of them, have actively engaged in business in the State of New York, including advertising within this District.

(h)    Plaintiffs are informed and believe that Defendants each own property in the State of New York.

### Venue

9.    Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), as a substantial part of the events and omissions giving rise to the claims that form the basis of the

Judgment occurred within the boundaries of this District.

10.     Independently of the ground pled in paragraph 9 of this Complaint, venue is proper in this Court as it is an action to enforce a judgment issued by a tribal court that sits within the boundaries of this District.

**The Underlying Judgment**

11.     On or about April 26, 2000, 26 individuals, for themselves and on behalf of others similarly situated, filed a complaint, commencing a class action (the "Tribal Court Action") in the trial-level court of general jurisdiction (the "Tribal Court") of the tribal courts of the Saint Regis Mohawk Tribe (the "Tribe") against Defendants and others.

12.     The Tribe is a Native American tribe, located within the boundaries of this District, duly recognized by the United States Department of the Interior.

13.     On or about December 23, 1994, the government of the Tribe enacted its Judiciary Act of 1994, which established the Tribal Court.

14.     The Tribal Court at all relevant times was an impartial tribunal that used procedures compatible with the requirements of due process of law.

15.     In or about May 1 through May 3, 2000, process was served on the defendants (the "Tribal Court Defendants") in the Tribal Court Action, which included Defendants.

16.     The Tribal Court Defendants appeared in the Tribal Court, by application, on or about May 12, 2000, of their counsel for admission to practice in the Tribal Court, which application was granted, followed by the filing by the Tribal Court Defendants, on or about June 1, 2000, of a motion to dismiss the Tribal Court Action on its merits.  Defendants thereby personally appeared in the Tribal Court, for purposes other than merely protecting property seized or threatened with seizure or of contesting the jurisdiction of the Tribal Court over them.

17.     On or about November 29, 2000, an amended complaint was personally served on Harrah's.

18.    On or about December 4, 2000, an amended complaint was personally served on Cummis.

19.    None of the Tribal Court Defendants defended the Tribal Court Action further.

20.    On or about February 1, 2001, the Tribal Court entered the default of the Tribal Court Defendants, with regard to the amended complaint against them.

21.    On or about March 16, 2001, the Tribal Court issued its order certifying the class (the "Class") in the Tribal Court Action and defining it as enrolled members of the Tribe.

22.    On or about March 20, 2001, the Tribal Court issued the Judgment, a true, correct and duly authenticated copy of which is attached hereto as Exhibit A.

23.    The Judgment is final, conclusive and remains in full force and effect in and by the Tribal Court.

24.    In the Judgment, the Tribal Court analyzed and concluded it had subject-matter jurisdiction over the subject of the Tribal Court Action, the subject of which was (a) a contract entered into between the then-Chiefs of the Tribe and Defendants, concerning a business to be owned by the Tribe; (b) tortious interference by Defendants with other contracts or anticipated contracts with the Tribe; and (c) extensive dealings by Defendants with the Tribe on the Tribe's reservation lands.

25.    In the Judgment, the Tribal Court analyzed and concluded that it has personal jurisdiction over the Tribal Court Defendants and that each had been personally served with process therein.

26.    No appeal was taken from the Judgment.

27.    On or about April 12, 2001, notice to the Class was duly published, apprising the members of their opportunity to opt out of the Class, and none exercised that right.

28.    No public policy of the State of New York would be offended by entry or enforcement of a judgment of this Court, based on the Judgment, invoking the powers of this

Court.

        29.    On June 21, 2007, the Tribal Court issued an order, approving the assignment to the Trust, for management and control by Plaintiffs, of all rights and claims of the Class in or to the Judgment, and that assignment has now been effected.

        30.    Defendants have failed and refused to pay any of the Judgment.

<b>Relief Requested</b>

        WHEREFORE, Plaintiffs request that this Court enter its judgment against Defendants, and each of them, in favor of Plaintiffs, for:

        1.    $1,787,000,000; plus

        2.    Interest accruing thereon since March 20, 2001, at the rate applicable to judgments of the Tribal Court; and

        3.    Plaintiffs' costs.

Dated: New York, New York            Respectfully submitted,
      June 22, 2007

                                  By: <u>s/ Michael T. Stolper</u>

                                  Michael T. Stolper
                                  ORRICK, HERRINGTON & SUTCLIFFE LLP
                                  666 Fifth Avenue
                                  New York, NY  10103-0001
                                  (212) 506-5000

                                  Attorneys for Plaintiffs