UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

DENNIS C. VACCO and JOSEPH E. BERNSTEIN, individually in their capacities as Litigation Trustees of the CATSKILL LITIGATION TRUST,

          Plaintiffs,

    -against-                              07 Civ. 00663
                                                (TJM/DEP)

HARRAH'S OPERATING COMPANY, INC., and CLIVE CUMMIS,

          Defendants.

---------------------------------------------------------x

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN
OPPOSITION TO MOTION TO DISMISS COMPLAINT**

      Plaintiffs Dennis C. Vacco and Joseph E. Bernstein, individually in their capacities as Litigation Trustees of the Catskill Litigation Trust respectfully request that the Court take judicial notice of each of the following documents pursuant to Federal Rule of Evidence 201 in support of their Oppositions to Defendants' Motion to Dismiss:

      1.    SEC Form 10-K Annual Report for the Fiscal Year Ended December 31, 1999 filed by Harrah's Entertainment, Inc.  A true and correct copy of the cited portions are attached as <u>Exhibit 1</u> to Declaration of Rachel Patience Ragni ("Ragni Declaration") filed and served herewith.

      2.    SEC Form 10-K Annual Report for the Fiscal Year Ended December 31, 1999 filed by Park Place Entertainment Corp.  A true and correct copy of the cited portions are attached as <u>Exhibit 2</u> to the Ragni Declaration.

      3.    SEC Form 10-K Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the Fiscal Year Ended December 31, 2003 filed by Park Place Entertainment.  A true and correct copy of the cited portions are attached as <u>Exhibit 3</u> to

the Ragni Declaration.

      4.     SEC Form 10-K Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the Fiscal Year Ended December 31, 2004 filed by Park Place Entertainment.  A true and correct copy of the cited portions are attached as <u>Exhibit 4</u> to the Ragni Declaration.

      5.     SEC Form 8-K Current Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934, September 14, 2005, filed by Harrah's Entertainment, Inc. A true and correct copy of the cited portions are attached as <u>Exhibit 5</u> to the Ragni Declaration.

      6.     SEC Form 10-K Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 for the Fiscal Year Ended December 31, 2005 filed by Harrah's Entertainment, Inc.  A true and correct copy of the cited portions are attached to the Ragni Declaration as <u>Exhibit 6</u>.

      7.     Memorandum of Law in Support of Defendants' Motion for Summary Judgment, filed in Civil Action No. 01-CV-1058, *Marlene Arquette, et al. v. Park Place Entertainment Corporation, et al.* in this Court.  A true and correct copy of the cited portions is attached as <u>Exhibit 7</u> to the Ragni Declaration.

      8.     Complaint filed with New York State Supreme Court in Civil Action No. 2002-79, *Park Place Entertainment Corp., et al. v. Arquette, et al.*  A true and correct copy of the complaint is attached as <u>Exhibit 8</u> to the Ragni Declaration.

## DISCUSSION

      The above-referenced documents are proper subjects of judicial notice under established Second Circuit precedent and Federal Rule of Evidence 201 because they are matters of public record, and a part of the record in the related proceedings.  Pursuant to Federal Rule of Evidence 201(d), judicial notice is mandatory when a party requests it and furnishes the court with the necessary information: "A court shall take judicial notice if requested by a party and supplied with the necessary information." FED. R. EVID. 201.

      This Court may judicially notice Exhibits 1-6 as these exhibits are publicly filed

SEC documents and are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201. It is established Second Circuit precedent that a district court may take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC. *See Kramer v. Time Warner Inc*, 937 F.2d 767, 774 (2d Cir. 1991).

This Court may judicially notice Exhibits 7-8 as these are documents filed in related litigation with this Court in Civil Action No. 01-CV-1058, *Marlene Arquette, et al. v. Park Place Entertainment Corporation, et al*. and with the New York State Supreme Court in Civil action No. 2002-79, *Park Place Entertainment Corp., et al. v. Arquette, et al.  See Global Network Commc'ns, Inc. v. City of New York,* 458 F.3d 150, 157 (2d Cir. 2006) (court can consider documents filed in another court, not for the truth of the matter, but to establish the fact of the litigation).

## CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that the Court take judicial notice of each of the documents listed above and attached to the Ragni Declaration.

Dated:  New York, New York  
        September 11, 2007

Respectfully submitted,

By:  */s/ Frederick D. Holden, Jr.*

Frederick D. Holden, Jr. (admitted *pro hac vice)*  
Michael T. Stolper  
Rachel Patience Ragni (admitted *pro hac vice*)  
ORRICK, HERRINGTON & SUTCLIFFE LLP  
666 Fifth Avenue  
New York, NY  10103-0001  
(212) 506-5000  
Attorneys for Plaintiffs